IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 07-177 |
| v. | : | |
| | : | |
| TERRANCE MANUEL | : | |

**FILED**
JAN 0 7 2008
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                    JANUARY 4, 2008

I.   BACKGROUND

Defendant Terrance Manuel is charged with, inter alia, possession with intent to distribute cocaine and cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  At the close of the Government's case, Defendant moved for judgment of acquittal as to the § 924(c) charge, pursuant to Federal Rule of Criminal Procedure 29(a). Defendant's motion is without merit and will be denied.

II.  DISCUSSION

   A.   Legal Standard

      1.   Motion for judgment of acquittal

A motion for judgment of acquittal may be made "[a]fter the government closes its evidence."  Fed. R. Crim. P. 29(a). The Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  Id.

In determining the sufficiency of the evidence, the Court must review the record in the light most favorable to the prosecution to determine "whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." United States v. Bobb, 471 F.3d 491, 494 (3d Cir. 2006) (quotation omitted). A showing that the evidence is sufficient may be made "entirely through circumstantial evidence." Id.

2. Possession of a firearm in furtherance of a drug trafficking crime

Section 924(c) applies to "any person who . . . in furtherance of any [drug trafficking] crime . . . possesses a firearm." 18 U.S.C. § 924(c)(1)(A).[1] A firearm is not possessed "in furtherance of" a drug offense by only its "mere presence" in a location proximate to the offense; rather, the Government must adduce "evidence more specific to the particular defendant,

---

[1] The statute reads more fully as follows:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . [be subject to certain penalties].

18 U.S.C. § 924(c)(1)(A). A "drug trafficking crime" is defined to include "any felony punishable under the Controlled Substances Act," which in turn includes 21 U.S.C. § 841(a)(1).

2

showing that his or her possession actually furthered the drug trafficking offense." United States v. Sparrow, 371 F.3d 851, 853 (3d Cir. 2004) (stating, in other words, that "the evidence must demonstrate that possession of the firearm advanced or helped forward a drug trafficking crime").

In Sparrow, the Third Circuit set forth a list of "nonexclusive factors" to guide the determination of whether the requisite nexus exists between the firearm possession and the drug trafficking offense:

> 1) the type of drug activity that is being conducted;
> 2) accessibility of the firearm;
> 3) the type of the weapon;
> 4) whether the weapon is stolen;
> 5) the status of the possession (legitimate or illegal);
> 6) whether the gun is loaded;
> 7) proximity to drugs or drug profits; and
> 8) the time and circumstances under which the gun is found.

Id. (quoting United States v. Ceballos-Torres, 218 F.3d 409, 414 (5th Cir. 2000)). The Sparrow factors are well-established and have been applied numerous times by the Third Circuit. See, e.g., Bobb, 471 F.3d 491; United States v. Fields, 196 Fed. App'x 77 (3d Cir. 2006) (non-precedential); United States v. Lloyd, 181 Fed. App'x 216 (3d Cir. 2006) (non-precedential); United States v. Northcut, 181 Fed. App'x 220 (3d Cir. 2006) (non-precedential).

B.  Consideration of the Sparrow Factors

The Third Circuit has affirmed a conviction under the "possession" prong of § 924(c) in at least one case with facts strikingly similar to this one:

> [T]here was sufficient evidence for the jury to find that . . . Fields possessed a firearm in furtherance of his drug trafficking. . . . [P]olice officers Richard Barth and Paul DeHart testified that upon arresting Fields . . . they discovered crack cocaine, $875.00 in cash, and a loaded, unlicensed, semi-automatic firearm in his possession. Additionally, an expert in narcotics investigations testified for the government that the items Fields was carrying are "consistent with drug distribution." . . . The District Court did not err by denying Fields' Rule 29 motion for judgment of acquittal.

Fields, 196 Fed. App'x at 78; see also Sparrow, 371 F.3d at 854 ("As a prior felon, Sparrow may not legally possess a firearm. In addition, the firearm in question was loaded, found in a public store and kept in the same floor compartment as nine large Ziploc bags of marijuana and $140 in cash. Even assuming . . . the firearm was not easily accessible, it was strategically located. The gun was placed so that it would be immediately available for Sparrow's protection whenever he retrieved drugs or money from the floor compartment. Therefore, it is reasonable to assume the firearm was placed in the floor compartment for that purpose and was possessed in furtherance of Sparrow's drug activities."); United States v. Ramirez, 2007 WL 2859943, at *3 ("In the case before us, there was certainly sufficient evidence to sustain the jury's verdict. Both of the guns . . . were

4

located close to other items related to his drug trafficking activities, such as scales, drug profits, and the drugs themselves.  Each contained ten live rounds of ammunition.").

Here, many of the <u>Sparrow</u> factors are met.  The Government has introduced evidence that Defendant's firearm was accessible in a dresser drawer, and proximate to drugs, drug paraphernalia, and $800 in $20 bills, all located in the same dresser.[2]  The firearm was fully loaded with ammunition, and was possessed illegally by Defendant,[3] whose conditions of probation prohibit possession of firearms.  Moreover, an expert witness opined that the nature and location of the items found in the apartment were consistent with drug distribution.  Under these circumstances, it would be reasonable for a jury to find that Defendant kept a loaded firearm strategically located in order to protect his drug trading activity.[4]  Accordingly, under <u>Sparrow</u>

---

[2] At oral argument, defense counsel argued that the firearm was not proximate to the drugs because it was in its own drawer in the dresser.  In light of the Third Circuit's holding in <u>Sparrow</u>, this argument is without merit.  <u>See</u> 371 F.3d at 853 (requiring only that the firearm be "strategically located," and affirming conviction where firearm was found underneath floor tiles along with drugs).

[3] Defendant has assumed for the sake of this motion that he possessed the firearm in question.

[4] Defendant attempts to muddy the waters by citing by analogy to cases concerning the "use" and "carry" prongs of § 924(c).  These cases are inapposite because they do not discuss the "possession" prong and do not apply the <u>Sparrow</u> factors.  <u>See, e.g.</u>, <u>Watson</u>, 128 S. Ct. 579 (2007) (discussing "use" of a firearm "during and in relation to" an underlying crime); <u>United</u>

5

and its progeny, there is sufficient evidence to support a nexus between the firearm and the drug trafficking crime.

III. CONCLUSION

For the foregoing reasons, Defendant's motion for judgment of acquittal will be denied.

An appropriate order follows.

---

States v. Williams, 344 F.3d 365, 376 (3d Cir. 2003) ("Because we find the evidence sufficient to affirm [the] conviction under the 'carry' prong of § 924(c), we need not address the merits of [the] argument with regard to the 'possession' prong."); Bailey v. United States, 516 U.S. 137 (1995) (decided before statute was amended to add "possession" prong, and requiring conviction under "use" prong to show some "active employment" of firearm).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                  :   CRIMINAL ACTION
         v.                       :   NO. 07-177
                                  :
TERRANCE MANUEL                   :

## O R D E R

**AND NOW**, this **4th** day of **January, 2008**, after a hearing held on January 3, 2008, for the reasons stated in accompanying Memorandum, it is hereby **ORDERED** that Defendant's motion for judgment of acquittal is **DENIED**.

**AND IT IS SO ORDERED.**

_____
          EDUARDO C. ROBRENO, J.